**United States District Court**
**Southern District of New York**
_____

**CERTAIN UNDERWRITERS AT LLOYD'S,**
**LONDON and CERTAIN LONDON MARKET**
**INSURANCE COMPANIES,**                         03 Civ. 7248 (JGK)

              Plaintiffs,          OPINION and ORDER

    - against -

**ABB LUMMUS GLOBAL, INC., BASIC INC.,**
**ACE USA (a successor-in-interest to**
**Insurance Co. of North America), and**
**LIBERTY MUTUAL INSURANCE COMPANY,**

              Defendants,

And **NORTH RIVER INSURANCE COMPANY,**

              Nominal Defendant.
_____

**JOHN G. KOELTL, District Judge:**

    Pursuant to Local Civil Rule 6.3 and upon the Order of the United States Court of Appeals for the Second Circuit, issued June 13, 2005, the plaintiffs move for reconsideration of this Court's previous Opinion and Order denying remand of this action to state court. The Court of Appeals' order instructs that the plaintiffs may file a motion for reconsideration in light of the Court of Appeals' intervening decision in <u>Mt. McKinley Ins. Co. v. Corning, Inc.</u>, 399 F.3d 436 (2d Cir. 2005).

    This Court previously held that it had subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1334(b) because the action was "related to" a bankruptcy case. The

1

Court also held that mandatory abstention under 28 U.S.C. § 1334(c)(2) was not appropriate in this case under the majority approach within this district at the time, whereby mandatory abstention did not apply to actions removed from state court. See Certain Underwriters at Lloyd's, London v. ABB Lummus Global, Inc., No. 03 Civ. 7248, 2004 WL 224505 (S.D.N.Y. Feb. 5, 2004) ("ABB Lummus I"). This Court also previously denied reconsideration. See Certain Underwriters at Lloyd's, London v. ABB Lummus Global, Inc., No. 03 Civ. 7248, 2004 WL 1286806, *1 (S.D.N.Y.) (S.D.N.Y. June 10, 2004) ("ABB Lummus II").

The plaintiffs now argue that the Court should reconsider its ruling on mandatory abstention in light of the Second Circuit Court of Appeals decision in Mt. McKinley, which found that mandatory abstention does apply to actions removed from state court. The plaintiffs also argue that there was no "related to" jurisdiction at the time of removal, and that subsequent events eviscerate any basis for jurisdiction.

**I.**

The background to this case is described in the Court's prior Opinions, familiarity with which is assumed. This case arises out of the defendants' participation in the reorganization plan created in the Chapter 11 bankruptcy of Combustion Engineering, Inc. ("CE"), which is the former parent

2

of defendants ABB Lummus Global, Inc. ("Lummus") and Basic, Inc. ("Basic"). Because the CE reorganization plan included Lummus and Basic in a channeling injunction, the Court previously found that the plaintiffs' claims against Lummus and Basic were related to the CE bankruptcy. ABB Lummus I, 2004 WL 224505 at *6; ABB Lummus II, 2004 WL 1286806 at *5.

On December 2, 2004, the Third Circuit Court of Appeals vacated the district court order confirming the CE reorganization plan and remanded for further proceedings. In re Combustion Engineering, Inc., 391 F.3d 190 (3d Cir. 2004). In its opinion, the Court of Appeals noted that "'related to' jurisdiction cannot be extended to the independent claims against non-debtors Basic and Lummus simply because contributions to the Plan by ABB Limited, itself a non-debtor, purportedly depend on a channeling injunction in their favor." Id. at 230. The Court of Appeals further noted that "related to" bankruptcy jurisdiction over Lummus and Basic may still exist because of insurance policies shared by CE, Lummus, and Basic, but that there were insufficient findings of fact to make this determination. Id. at 233. The Court of Appeals did not remand for further fact finding on this issue because it went on to vacate the reorganization plan after finding that the channeling injunction in favor of Lummus and Basic was otherwise prohibited. Id.

3

On June 24, 2005, CE filed its Modified Plan of Reorganization, which included a channeling injunction that did not include asbestos personal injury claims against Lummus or Basic that were not derivative of CE's direct liability. (Attachment to the Memorandum in Support of Plaintiffs' Motion for Reconsideration, dated July 12, 2005.) On December 19, 2005, United States Bankruptcy Court Judge Judith Fitzgerald issued Findings of Fact and Conclusions of Law Regarding Confirmation of Combustion Engineering, Inc.'s Plan of Reorganization, as Modified Through October 7, 2005, which approved CE's Modified Plan. See In re Combustion Engineering, Inc., No. 03-10495, slip op. (Bankr. D. Del. Dec. 19, 2005) (hereafter, "Findings of Fact").

The Findings of Fact noted that the parties had contemplated that Lummus would file its own bankruptcy case with a pre-packaged reorganization plan that included a channeling injunction for Lummus' asbestos-related liabilities. (Findings of Fact ¶¶ 58-65.) On August 31, 2005, this proposed Lummus plan was sent out to all impaired creditors for voting. (Id. at ¶ 60.) While the defendants argue that the contemplated Lummus bankruptcy case would be intertwined with CE's reorganization, Lummus has yet to file for bankruptcy.

II.

The plaintiffs move for reconsideration pursuant to Local Civil Rule 6.3, which is governed by the same standard as Fed. R. Civ. P. 59(e). See Watson v. United States, No. 04 Civ. 2222, 2005 WL 2560375, at *2 (S.D.N.Y. Oct. 12, 2005); see also Nakano v. Jamie Sadock, Inc., 98 Civ. 0515, 2000 WL 1010825, at *1 (S.D.N.Y. July 20, 2000) (collecting cases). This well-established standard is the same as that governing former Local Civil Rule 3(j). See United States v. Letscher, 83 F. Supp. 2d 367, 382 (S.D.N.Y. 1999) (collecting cases). The moving party is required to demonstrate that the Court overlooked the controlling decisions or factual matters that were put before the Court in the underlying motion and which, had they been considered, might have reasonably altered the result reached by the Court. Nakano, 2000 WL 1010825, at *1. The decision to grant or deny a motion for reconsideration "rests within the sound discretion of the district court." Id. The rule is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." Walsh v. McGee, 918 F. Supp. 107, 110 (S.D.N.Y. 1996) (internal citation and quotation marks omitted); see also Nakano, 2000 WL 1010825, at *1. The rule, however, "provides the Court with an opportunity to correct manifest errors of law

5

or fact, hear newly discovered evidence, consider a change in the applicable law or prevent manifest injustice." U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., Ltd., 182 F.R.D. 97, 100 (S.D.N.Y. 1998).

## III.

The plaintiffs argue that the changes in the facts of the case and in the applicable law provide a basis for remand to state court. The plaintiffs contend that no "related to" jurisdiction exists because the old CE reorganization plan with a channeling injunction for non-derivative claims against Lummus and Basic that was the basis for "related to" jurisdiction has since been vacated, and because the new modified plan contains a channeling injunction that does not include those claims against Lummus or Basic.

However, the Supreme Court has "consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events." Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991). Similarly, "federal jurisdiction arising under Section 1334 is determined, like federal jurisdiction generally, on the basis of the facts at the time of removal." In re WorldCom, Inc. Securities Litig., 294 B.R. 553, 556 (S.D.N.Y. 2003); see also In re Celotex Corp., 124 F.3d 619, 626 (4th Cir. 1997)

6

(noting that if "related to" jurisdiction existed at the time of removal, subsequent changes such as settlement could not divest the district court of subject matter jurisdiction). Even "the dismissal of an underlying bankruptcy case does not automatically strip a federal court of jurisdiction over an adversary proceeding which was related to the bankruptcy case at the time of its commencement." In re Porges, 44 F.3d 159, 162 (2d Cir. 1995). Instead, the "decision whether to retain jurisdiction should be left to the sound discretion of the bankruptcy court or the district court, depending on where the adversary proceeding is pending." Id. Thus, even if the current facts regarding the modified bankruptcy plan no longer support "related to" jurisdiction at this time, remand is not necessarily appropriate.

The plaintiffs also argue that subject matter jurisdiction did not exist even at the time of removal. The plaintiffs point to the Third Circuit Court of Appeals' ruling that questioned the existence of "related to" jurisdiction over independent claims against non-debtors Basic and Lummus. Combustion Engineering, Inc., 391 F.3d at 230. However, the Court of Appeals also noted that "related to" jurisdiction over such claims against Lummus and Basic might still exist because of insurance policies shared by CE, Lummus, and Basic, but that

7

this issue need not be resolved because the channeling injunction was otherwise prohibited.  Id. at 233.

In this case, it is unnecessary to determine the impact of the Court of Appeals' decision on this Court's initial determination that subject matter jurisdiction existed at the time of removal.  This is true because, in light of Mt. McKinley, this is clearly a case where mandatory abstention under 28 U.S.C. § 1334(c)(2) is warranted.[1]  The Court had previously adopted the then-majority rule in this district that mandatory abstention did not apply to removed actions because "there is no longer a parallel state court proceeding where those claims are being timely adjudicated."  ABB Lummus I, 2004 WL 224505 at *7.  The Court had noted at the time that there was a "dispute among federal courts over whether the mandatory abstention provision applies in the context of removal and remand," and that the Second Circuit Court of Appeals had not directly addressed the issue.  Id.

After the Court's ruling, the Second Circuit Court of Appeals did directly address this issue in Mt. McKinley.  The

---

[1] Section 1334(c)(2) provides:
  Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

8

Court of Appeals held that the literal wording of Section 1334(c)(2) "does not require a pending state law suit," and that "providing for mandatory abstention in removal situations better comports with the plain language of § 1334(c)(2) as well as Congress's intent that mandatory abstention strike a balance between the competing interests of bankruptcy and state courts." Mt. McKinley, 399 F.3d at 447 (internal quotations and citation omitted).

Thus, in accordance with Mt. McKinley and the remand from the Court of Appeals, the fact that this action was removed from the state court and is no longer pending in that court does not bar mandatory abstention. In applying mandatory abstention, the Court finds that the plaintiffs meet the requirements set in 28 U.S.C. § 1334(c)(2). It is well-settled that a party seeking mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2) must show that: (1) the motion was timely brought; (2) the proceeding in federal court is based upon a state law claim; (3) the proceeding is "related to" a bankruptcy proceeding, but does not arise under title 11 or arise in a title 11 case; (4) section 1334 is the sole basis for federal jurisdiction; (5) "an action is commenced" in state court; and (6) the action can be "timely adjudicated" in state court. See 28 U.S.C. § 1334(c)(2); Bondi v. Grant Thornton Int'l., 322 B.R. 44, 49-50 (S.D.N.Y. 2005) (applying the mandatory abstention doctrine after Mt. McKinley).

9

The defendants do not dispute that the plaintiffs have demonstrated five of the six requirements, but argue that the plaintiffs fail to demonstrate that the action can be timely adjudicated in state court. The defendants argue that remand to state court does not promote timely adjudication where the removed case is intertwined with a complex bankruptcy proceeding. The defendants argue that "CE's and Lummus' reorganizations are complicated and convoluted like the Adelphia and Global Crossing bankruptcies ...." (Def. Mem. at 8, citing In re Adelphia Comm. Corp. Securities and Derivative Litig., No. 03 MDL 1529, 2005 WL 1404796 (S.D.N.Y. June 14, 2005), and In re Global Crossing, Ltd. Securities Litig., 311 B.R. 345 (S.D.N.Y. 2003).

This argument has several flaws. First, Lummus has not yet filed for bankruptcy. Therefore, the dispute between Lummus and Basic and the insurers within this case is not intertwined with a pending bankruptcy. Second, the plaintiffs dispute the characterization of CE's bankruptcy as complex, noting that CE's reorganization plan is a "pre-packaged" plan that no longer includes the use of a channeling injunction for non-derivative asbestos personal injury claims against Lummus and Basic. Third, unlike the Adelphia and Global Crossing cases, the action here is not a complex securities fraud matter, but instead a declaratory judgment action regarding insurance coverage that

can be timely adjudicated in state court. See <u>St. Paul Fire and Marine Ins. Co. v. A.P.I., Inc.</u>, No. Civ. 05-139, 2005 WL 679072, at *3 (D. Minn. Mar. 23, 2005) (mandatory abstention appropriate for a declaratory judgment action regarding insurance coverage available to defendants for asbestos-related claims); <u>Wheeling-Pittsburgh Corp. v. American Ins. Co.</u>, 267 B.R. 535, 539-40 (N.D. W. Va. 2001) (mandatory abstention appropriate for a declaratory judgment action regarding insurance coverage); <u>Maryland Cas. Co. v. Aselco, Inc.</u>, 223 B.R. 217, 220-221 (D. Kan. 1998) (same). The plaintiffs argue persuasively that a declaratory judgment action concerning insurance coverage would be a routine action in state court. There is no basis to find that this action cannot be timely adjudicated in New York state courts, and thus this is a case where the Court must apply mandatory abstention and remand the action to state court.

## CONCLUSION

For the foregoing reasons, the motion for reconsideration is **granted**. Upon reconsideration, the Court remands this action to state court. The Clerk of Court is directed to remand this action to the New York State Supreme Court, New York County, and to close the case in this Court.

**SO ORDERED.**

**Dated: New York, New York
December 21, 2005**

_____
John G. Koeltl
United States District Judge

12